IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DAYTON J. HENDERSON                                                                                    PLAINTIFF

vs.                                              Civil No. 4:20-cv-04016

ANDREW SAUL                                                                                            DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Dayton J. Henderson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **AFFIRMED**.

**1.    Background:**

Plaintiff protectively filed his disability application on July 20, 2017. (Tr. 42).[1] In his application, Plaintiff alleges being disabled due to gout, sleep apnea, dyslexia, chronic bronchitis, high blood pressure, and lower back pain. (Tr. 247). Plaintiff alleges an onset date of May 15, 2017. (Tr. 42). This application was denied initially on September 26, 2017 and again upon

---

[1] References to the Transcript will be (Tr.___) and refer to the document filed at ECF No. 10. These references are to the page number of the transcript itself, not the ECF page number.

reconsideration on November 30, 2017. (Tr. 42). Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 59-92).

Plaintiff's administrative hearing was held on February 14, 2019 in Shreveport, Louisiana. (Tr. 59-92). At this hearing, Plaintiff was present and was represented by Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Paula Yarbrough testified at this hearing. *Id.*

On March 7, 2019, the ALJ entered an unfavorable decision denying Plaintiff's disability application. (Tr. 39-58). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 20, 2017, his application date. (Tr. 44, Finding 1). The ALJ found Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine status post hemi-laminectomy; asthma/chronic obstructive pulmonary disease (COPD); hypertension; obstructive sleep apnea; diabetes mellitus; and obesity. (Tr. 44-47, Finding 2). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 47, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 47-53, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a). Specifically, the claimant is able to lift and carry up to 10 pounds occasionally and lesser amounts frequently, sit for 6 hours in an 8-hour day, and stand and walk for at least two hours in an eight-hour workday. The claimant can occasionally climb ramps and stairs, but he can never climb ladders, ropes, or scaffolds. The claimant can occasionally stoop, kneel, crouch, and crawl. The claimant must also avoid concentrated exposure to pulmonary irritants, such as fumes, odors, dust, gases, and poor ventilation. The claimant must alternate between sitting/standing by sitting two hours alternating with standing up to fifteen

>   minutes before resuming sitting at the workstation. Secondary to pain medication usage, the claimant can sustain attention for up to two-hour blocks of time without requiring redirection to task. In addition, any time off task can be accommodated by normal breaks.

*Id.* The ALJ determined Plaintiff was three-three (33) years old, which is defined as a "younger individual" under 20 C.F.R. § 416.963(c) (2008). (Tr. 53, Finding 6). As for his education, the ALJ found Plaintiff had at least a high school education and was able to communicate in English. (Tr. 53, Finding 7).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of his PRW. (Tr. 53, Finding 5). The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy, considering his age, education, work experience, and RFC. (Tr. 53-54, Finding 9). The VE testified at the administrative hearing regarding this issue. *Id.*

Considering this testimony, the ALJ determined Plaintiff retained the capacity to perform representative occupations such as the following (sedentary, unskilled): (1) addresser with approximately 28,000 such jobs in the national economy; (2) election clerk with 14,873 such jobs in the national economy; and (3) document preparer with approximately 22,710 such jobs in the national economy. (Tr. 54). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, since July 20, 2017 (the date his application was filed). (Tr. 54, Finding 10).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. On January 14, 2020, the Appeals Council denied this request for review. (Tr. 1-7). On February 12, 2020, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 12-13. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In his appeal brief, Plaintiff raises two arguments for reversal: (A) the ALJ erred in evaluating his impairments under the Listings; and (B) the ALJ's RFC assessment is not supported by substantial evidence in record. ECF No. 12 at 1-15. The Court will address both of these arguments.

**A. Evaluation of the Listings**

Plaintiff claims the ALJ failed to properly assess the combination of his impairments as a whole. ECF No. 12 at 3-11. Plaintiff claims his impairments in combination meet or equal the requirements of a Listing. *Id.* In making this argument, Plaintiff does not specify *which* Listing his impairments meet. *Id.* Instead, Plaintiff lists his impairments and claims these impairments "show he meets listing level severity" and "cannot be isolated as to each listing." *Id.* Because

5

Plaintiff did not provide more specificity as to this claim, the Court will not address it further. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting a conclusory argument "out of hand" because the claimant provided no analysis of the relevant law or facts regarding those listings).

### B. RFC Determination

Plaintiff claims the ALJ erred in assessing his RFC. ECF No. 12 at 12-15. Plaintiff has the burden of demonstrating the limitations in his RFC. *See Vossen v. Astrue,* 612 F.3d 1011, 1016 (8th Cir. 2010) (recognizing "the burden of persuasion to prove disability and demonstrate RFC remains on the claimant"). Here, Plaintiff claims the hypothetical to the VE did not include all of the limitations that should have been included in his RFC. ECF No. 12 at 12-15.

In support of this claim, Plaintiff relies upon the findings of his consultative examiner, Ms. Wilson. *Id.* Plaintiff claims Ms. Wilson found he suffered from disabling mental limitations. *Id.* In his opinion, the ALJ fully considered her findings but decided to discount them:

> The state agency psychological consultants opined the claimant had a moderate limitation in understanding, remembering, or applying information and in concentration, persistence, or maintaining pace. As such, the consultants limited to unskilled work. (Exhibit B6A). *This opinion was based entirely on the findings of the consultative examiner, Ms. Wilson. As discussed below, the undersigned finds Ms. Wilson's opinion unpersuasive. Moreover, the undersigned notes the remainder of the evidence failed to reflect any effort on the claimant to seek out mental health treatment. There was no evidence he required urgent evaluation or inpatient stabilization for any mental health symptoms. Overall, the undersigned failed to find more than minimal limitations in mental health functioning associated with the learning disorder or depression.* These opinions are not persuasive.

(Tr. 50) (emphasis added). Based upon this determination, and because the ALJ fully considered Ms. Wilson's findings but decided to discount them for valid reasons, the Court finds no basis for reversal on this issue.

**4.** **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends it be **AFFIRMED**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

ENTERED this 30th day of September 2020.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE